UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BANK OF AMERICA, N.A.,
MORTGAGE CORPORATION FORCE-PLACED
HAZARD INSURANCE LITIGATION  MDL No. 2467


ORDER DENYING TRANSFER


**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in one action (*Gustafson*) move to centralize this litigation in the Central District of California, and request separation and remand of claims concerning two unrelated insurance products in one action.[1] This litigation currently consists of five actions pending in four districts as listed on Schedule A.[2] The actions involve allegedly abusive practices in the unilateral "forced" placement of hazard insurance by Bank of America[3] and two affiliated insurers – QBE and Balboa[4] – on borrowers with mortgages serviced by Bank of America. Defendants support centralization, as do the plaintiffs in the Middle District of Florida action and a second Central District of California action. Plaintiffs in the Southern District of Florida action oppose centralization.

Less than a year ago, the Panel denied a motion to centralize force-placed insurance litigation against eight major mortgage lenders – including Bank of America – on an industry-wide basis. *See In re: Mortgage Lender Force-Placed Ins. Litig.*, 895 F. Supp. 2d 1352, 1353-54 (J.P.M.L. 2012). At that time, the Panel also determined that centralization on a lender-specific basis was not warranted. *See id.* at 1353 & n.2.

---

[1] This motion was heard with three related motions at the same hearing session. The related motions concern centralization of force-placed hazard insurance litigation against three other banks and the insurance companies they utilize to place such insurance. *See* MDL No. 2464, In re: HSBC Mortg. Corp. Force-Placed Hazard Ins. Litig.; MDL No. 2465, In re: JPMorgan Chase Bank, N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.; MDL No. 2466, In re: Wells Fargo Bank, N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.

[2] The Panel has been notified of three related actions.

[3] "Bank of America" refers to Bank of America Corporation; Bank of America, N.A.; BAC Home Loan Servicing, LP; and Banc of America Insurance Services, Inc.

[4] "QBE" refers to QBE FIRST Insurance Agency Inc., QBE Financial Institution Risk Services, Inc., QBE Holdings, Inc., and QBE Insurance Corporation. "Balboa" refers to Balboa Insurance Company, Meritplan Insurance Company, and Newport Management Corporation.

Movants contend that centralization of the five actions listed on Schedule A is now appropriate because common factual and legal issues are raised by plaintiffs' claims that Bank of America and QBE/Balboa improperly place one type of insurance – hazard insurance – at excessive premiums and fees, and engage in other abuses in violation of numerous laws. Movants also argue that (1) unlike the motion the Panel denied last year, the current motion focuses on a single lender – Bank of America – and a single category of insurance; and (2) centralization is necessary to address the difficulties in coordinating the litigation with the competing group of plaintiffs' counsel. In response, plaintiffs in the Southern District of Florida action maintain that circumstances have not significantly changed to warrant reconsideration of last year's denial of centralization on a lender-specific basis.

On the basis of the papers filed and the hearing session held, we will deny the motion. Although the actions concern alleged abuses by Bank of America and QBE/Balboa with respect to their force-placed hazard insurance practices, the Panel is not persuaded that Section 1407 centralization is necessary for the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. The Panel previously denied centralization on a lender-specific basis, finding, *inter alia*, that individualized discovery and legal issues were likely to be numerous and substantial in light of the variation in the mortgage contracts on key issues.[5] That earlier denial does not preclude the Panel from reaching a different result here, but the Panel grants reconsideration "only rarely … where a significant change in circumstances has occurred." *See In re Plavix Mktg., Sales Practices & Prods. Liability Litig. (No. II),* — F. Supp. 2d —, 2013 WL 565971, at *1 (J.P.M.L. Feb. 12, 2013).

Having reviewed the updated record, we do not find any new circumstances that warrant reconsideration. Movants have not discussed the variation in mortgage contracts on the key issues earlier identified by the Panel, and thus individualized discovery and legal issues seem likely to remain substantial. Furthermore, as the opposing plaintiffs note, there are presently fewer actions than there were last year, indicating that the need for centralization is now less.[6]

Additionally, movants' proposal to separate and remand the flood and wind insurance claims in the Southern District of Florida *Hall* action is unworkable. Section 1407(a) authorizes the Panel to "separate any claim, cross-claim, counter-claim, or third-party claim" from the remainder of the transferred action and to remand such claims to the transferor district. It does "not authorize the Panel to transfer one issue raised by a claim . . . while remanding another issue raised by the same claim." *In re Air Crash Disaster at Duarte, Cal. on June 6, 1971*, 346 F. Supp. 529, 530 (J.P.M.L.

---

[5] *See In re: Mortgage Lender Force-Placed Ins. Litig.*, 895 F. Supp. 2d at 1353 & n.2.

[6] The opposing plaintiffs note that last year's motion encompassed 17 actions against Bank of America.

-3-

1972).[7] Movants' proposal for separation and remand calls for carving out the subset of hazard insurance issues from each of the individual claims pled in the *Hall* complaint and thus is not feasible.[8]

Lastly, the number of involved actions and districts is limited, and the record indicates that, notwithstanding past difficulties among competing plaintiffs' counsel in coordinating similar litigation, informal coordination is practicable. Bank of America and QBE/Balboa each have common counsel in the pending actions. Plaintiffs in two actions already are cooperating with movants, and opposing plaintiffs' counsel in the Southern District of Florida action represented at oral argument that they, too, will cooperate with movants' counsel in the coordination of the litigation. Given that express representation, the limited number of involved actions, and the overlap among counsel, we believe that informal coordination is feasible and preferred. *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp.2d 1377, 1378 (J.P.M.L. 2011).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |

---

[7] S*ee also In re Resource Exploration, Inc., Sec. Litig.*, 483 F. Supp. 817, 822 (J.P.M.L. 1980) ("[T]he Panel is not empowered to carve out issues for separate treatment under Section 1407.").

[8] For example, the *Hall* breach of contract claim covers all forms of insurance, not just hazard insurance. Similarly, the *Hall* plaintiffs bring two RICO conspiracy claims against defendants and carving up those claims in the manner described by movants seems untenable.

IN RE: BANK OF AMERICA, N.A.,
MORTGAGE CORPORATION FORCE-PLACED
HAZARD INSURANCE LITIGATION                               MDL No. 2467

## SCHEDULE A

<u>Central District of California</u>

Christopher Gustafson, et al. v. BAC Home Loan Services, LP, et al., C.A. No. 8:11-00915
Robin Vitek v. Bank of America, N.A., et al., C.A. No. 8:13-00816

<u>Middle District of Florida</u>

Pamela Karp v. Bank of America Corporation, C.A. No. 8:12-01700

<u>Southern District of Florida</u>

Cheryl Hall, et al. v. Bank of America, N.A., et al., C.A. No. 1:12-22700

<u>Western District of Wisconsin</u>

Colleen Decambaliza v. QBE Holdings, Inc., et al., C.A. No. 3:13-00286